UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KEITH JOHNSON,

               Petitioner,

     -against-

J.F. BELLNIER, Superintendent,

               Respondent.
----------------------------------------------------------x

DOCKET & FILE

**MEMORANDUM AND ORDER**
09-CV-381 (KAM)

MATSUMOTO, United States District Judge:

By petition dated January 20, 2009[1], *pro se* petitioner Keith Johnson, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2003 Kings County conviction. The Court grants petitioner's request to proceed *in forma pauperis*. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). Therefore, petitioner is directed to submit an affirmation, within sixty (60) days of the entry of this Order, why the petition should not be dismissed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides in relevant part that:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

        (A) the date on which the judgment became final by the conclusion

---

[1] The Court notes that the instant petition was received by the Court on January 23, 2009.

of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").

Background

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 may be time-barred under the Act. In general, the one-year statute of limitations period runs from the date on which the state criminal judgment becomes final. Petitioner alleges he was convicted on June 16, 2003. Petition at 1, ¶ 2. The Appellate Division, Second Department, affirmed the conviction on October 11, 2005. See People v. Johnson, 22 A.D.3d 601 (2d Dep't 2005). On February 28, 2006, the New York State Court of Appeals denied petitioner leave to appeal. See People v. Johnson, 6 N.Y.3d 676 (2006). The judgment of conviction becomes final 90 days after the date the

Court of Appeals denies leave to appeal. Williams v. Artuz, 237 F.3d 147,151 (2d Cir. 2001), cert. denied, 122 S.Ct. 279 (2001). Thus, petitioner's conviction became final on May 29, 2006 and he had until May 29, 2007 to file a timely § 2254 petition in federal court. Since the petition is dated January 20, 2009, more than a year after the limitations period expired, the petition is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

Statutory Tolling

In calculating a one-year statute of limitation period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam). On January 19, 2007, petitioner filed a writ of error *coram nobis* motion, which was denied by the Appellate Division on April 10, 2007. See Petition at 8, People v. Johnson, 39 A.D.3d 670 (2d Dep't Apr. 10, 2007)[2]. Petitioner sought leave to appeal the Appellate Division's Order, but on August 13, 2007, the New York State Court of Appeals denied his application for leave to appeal. See People v. Johnson, 9 N.Y.3d 877 (2007). Petitioner also states that he filed a motion pursuant to N.Y. Criminal Procedure Law 440.10 ("440"), which was denied on August 28, 2008. See Petition at 9, ¶ (d). Because petitioner does not state the date he filed his application for leave to appeal the denial of his motion for a writ of error *coram nobis*, or the date he filed his 440

---

[2] The Court notes that the petition inadvertently states that petitioner's writ of error *coram nobis* motion was denied on April 10, 2008, however, the correct date is April 10, 2007.

motion, the Court is unable to determine if petitioner's motions can serve to toll enough of the limitations period under § 2244(d)(2) to render his instant petition timely.

Equitable Tolling

The limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers may be sufficient to establish potential basis for equitable tolling); but see Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (even with extraordinary circumstances early in the statutory period, petitioner must show he diligently pursued the application in the time remaining). On the present record, there is no basis for equitable tolling.

## CONCLUSION

Petitioner is therefore directed to show cause by written affirmation, within sixty (60) days from the date of this Order, why the instant petition should not be dismissed as time-barred.[3] Day v. McDonough, 126 S.Ct. 1675, 1684 (2006) (citing Acosta v. Artuz, 221 F.3d 117, 124-125 (2d Cir. 2000) (before acting on its own initiative to dismiss petition as untimely, court must accord the parties fair notice and an opportunity to present their positions). Petitioner's affirmation should include the date he filed his application for leave to appeal the denial of his motion for a writ of error *coram nobis*, the date he filed his 440 motion and any facts which would support tolling of the statute of limitations.

---

[3] An affirmation form is attached to this Order for petitioner's convenience.

4

No response by the respondent to the petition shall be required at this time and all further proceedings shall be stayed for sixty (60) days for petitioner to comply with this Order.

If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred. 28 U.S.C. §§ 2244(d).

SO ORDERED.

/S/
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
March 24, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

KEITH JOHNSON,

                Petitioner,

      -against-

**PETITIONER'S AFFIRMATION**
09-CV-381 (KAM)

J.F. BELLNIER, Superintendent,

                Respondent.
------------------------------------------------------x
STATE OF _____ }
COUNTY OF _____ } SS:

    KEITH JOHNSON, makes the following affirmation under the penalties of perjury:

    I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____. The instant petition should not be dismissed as untimely because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____        _____
                            Signature

                            _____
                            Address

                            _____
                            City, State & Zip